Chalmes J. BROWN, Plaintiff—
Appellant,

v.

UNION PACIFIC RAILWAY
COMPANY, Defendant—
Appellee.

No. 04–16433.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Chalmes J. Brown, Sacramento, CA, pro se.

Joseph P. Mascovich, Esq., James C. E. Barclay, Esq., Union Pacific Railroad Company Law Department, Roseville, CA, for Defendant–Appellee.

Before: GOODWIN, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM **

Chalmes J. Brown, a former employee of Union Pacific Railroad Company, appeals pro se from the district court's summary judgment in favor of defendant in his action alleging racial discrimination, retalia-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion, and a hostile work environment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an award of summary judgment. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir.2002). We affirm.

■ The district court properly granted summary judgment on Brown's discrimination claims because Brown did not dispute that the employment actions he complained of (including assigning Brown to work in Fresno and dropping him from the seniority list when he declined to work at the Oakland terminal) were the result of application of a bona fide seniority system approved by his union. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 352, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) (holding that application of such a seniority system is not unlawful under Title VII).

Furthermore, Brown did not show that he suffered an adverse employment action, only that he was transferred and his employment status changed pursuant to seniority lists. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir.2000) (citations omitted) (setting forth elements of discrimination claim); *Brooks v. City of San Mateo*, 229 F.3d 917, 928–29 (9th Cir.2000) (fleshing out contours of "adverse employment action").

■ The district court properly granted summary judgment on Brown's hostile work environment claim. Although the letter written by a union member to other union members to disparage an African–American candidate during a union election was offensive, there is no evidence it was part of the work environment fostered by Union Pacific Railroad. It was not directed toward Brown and did not refer to Brown in any way. The letter, com-

bined with the two other on-the-job remarks Brown described, was not sufficiently threatening, severe, or pervasive to change the conditions of Brown's employment and create a hostile work environment. *See Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir.2003).

We decline to consider whether Brown suffered retaliation, because he did not raise the issue in the district court, *see Crawford v. Lungren*, 96 F.3d 380, 389 n. 6 (9th Cir.1996), and he did not provide any argument on appeal, *see Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir.2003).

Brown's remaining contentions lack merit.

**AFFIRMED.**